**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRISTIAN SANCHEZ, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

GERMACK PISTACHIO COMPANY,

    Defendant.

### Declaration of Robert D. Moody

I, Robert D. Moody, declare that I have read the foregoing instrument and the facts and information stated in it are true and correct to the best of my knowledge. I am personally acquainted with the facts stated herein.

1. Presently, I am the President, CEO and Founder of Forensic Data Services (d/b/a FDS Global) (hereafter referred to as FDS) which is based in Broward County, Florida. I am the principal investigator at FDS and frequently testify as an expert in the fields of information systems auditing, information security and computer forensics.

2. I have testified in both State and Federal Courts as an expert in the field of information systems auditing, information security and computer forensics. My CV is attached as **Exhibit A**.

3. I have experience and training in web design, layout, coding, auditing, and testing of functionality, security, and operability of websites and related content. To date, I have audited more than 800 websites including sites for major industries that operate on many different platforms.

4. In addition, I have identified websites that were both WCAG compliant as well as WCAG non-complaint. For the websites that were found to be non-compliant, Defendants have often relied on my declaration and attachments to bolster remediation efforts and effectively correct issues often faced by Defendants.

5. My company was retained by counsel for Plaintiff, Cristian Sanchez, to provide consulting services and to conduct an audit of a website for compliance, usability, and accessibility standards (WCAG 2.0 and 2.1) as well as general functionality analysis for disabled users.

6. In the present matter, FDS along with me as principal investigator, evaluated the website known as https://www.germack.com/. My evaluation was to determine if any issues existed that could not be overcome and, as such acted as barriers to Plaintiff's use of the website as a visually impaired user of the internet.

7. As part of my retention, I independently evaluated the website on June 7, 2021, and determined issues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision.

8. Some of issues identified include the following:

   a. The company logo acts as a link designed to take the user from wherever they may be within the Defendant's website to the homepage of that site. For this website, the link is not properly labeled and where the link ("logo") will operate properly (taking the user back to the home page), the missing label prevents the user (visually impaired) to interpret the logo/link and in the case of using a screen reader, the screen reader software cannot properly interpret the logo/link effectively hiding the purpose of that link from the user.

   b. The shopping cart icon is not labeled properly. This flaw creates issues for the interpretation performed by the screen reader and therefore prevents the user from understanding what information the website is trying to report back to the user.

   c. The site's submenu options for the main menu categories are inaccessible. The screen reader skips these options and goes on to the next main menu category thus barring the user from accessing vital information regarding products and services offered.

   d. This website's homepage contains a sliding banner. The picture changes every few seconds. It is labeled, however, every time the picture changes, the screen reader reads "barbecue barbecue image" and "bags bags image" every few minutes no matter where the user may be on the home page.

   e. Throughout the website, there is text providing information. However, it is not labeled to integrate with the screen reader. The information is skipped over to the next available link, heading, or button as the text is not accessible. The site moves directly to the buttons but fails to describe or reference what the user will learn more about.

   f. When navigating on the home page, the product names and prices are inaccessible barring the user from knowing what product they are purchasing and how much it costs when they select the buy now button. The lack of labeling causes the screen reader to miss the information.

   g. Contact information is inaccessible. Due to the lack of description the user is not able to contact the business as the address and store hours are not labeled to integrate with the screen reader.

9. As an additional evaluation step, FDS employs an automated audit program that evaluates websites for WCAG compliance. As part of its processes, the software evaluates many aspects of the website but for the purpose of this declaration, the Summary, Accessibility Validation Audit, Usability Audit and Web Standards Audit is included. A copy of the audit is provided as **Exhibit B**.

10. In addition to the usability and functionality issues identified above and in attachments, many of the identified issues also directly violate WCAG 2.0 and WCAG 2.1.

11. Taken both the independent visual review of the identified website as well as the audit process attached to this declaration. It is my expert opinion and with a high degree of scientific certainty the website, https://www.germack.com/ belonging to Defendant, Germack Pistachio Company, has defects, can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

12. Accordingly, I reserve the right to update, alter, change, and delete, supplement or file an addendum to this declaration if additional material is made available to me and where such material may impact my opinion.

Declarant further sayeth not.

Under penalty of perjury, I hereby affirm that the foregoing statements are true and correct.

Respectfully submitted on, June 9, 2021.

*Robert D Moody*
**Robert D. Moody**