**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **CHRISTIAN SANCHEZ, on behalf of**<br>**himself and all others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. 1:20-cv-10107-JPO** |
| **v.** | : | |
| | : | |
| **NUTCO, INC.** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes Defendant Nutco, Inc. ("Defendant' or "Nutco"), by and through its undersigned attorney, and for its Reply in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint hereby states as follows:

**I.      INTRODUCTION**

Plaintiff devotes a substantial portion of his Opposition Brief arguing that this Court very recently denied a motion similar to Defendant's motion, and that had Defendant "been aware of the ruling it would probably not have expended the resources to file the motion." Opposition Brief, p. 1. This Court's ruling in *Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y. May 20, 2021), according to Plaintiff, rejected the same arguments presented in Defendant's Motion. Plaintiff, however, is simply mistaken.

At issue in *Jacquez* was the defendant's motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The sole argument made by Dermpoint was that the plaintiff's factual allegations were not specific enough to state a claim for relief and that extrinsic evidence shows that the plaintiff could not have visited the website when he alleged. This

Court rejected both of those arguments under the 12(b)(6) standard of review. And, as to whether evidence shows Jaquez did not visit the site, the court invited Dermpoint to file a Rule 56 Motion for Summary Judgment if it believes there is no genuine issue of fact on that assertion.

Plaintiff argues that because this Court refused to consider extrinsic evidence in *Jaquez*, then this Court should also give no weight to extrinsic evidence submitted by Defendant with its Motion. Of course, Defendant's Motion provided extrinsic evidence in support of its motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and personal jurisdiction under Rule 12(b)(2). In both kinds of motions, as Defendant established with citations to controlling law in its Motion, courts may consider evidence outside the pleadings, such as affidavits and exhibits.

Plaintiff also claims that this Court's discussion of WCAG standards is instructive here. Dermpoint argued that the Jaquez was erroneously alleging that a violation of WCAG guidelines constitutes a violation of the ADA and therefore he failed to state a claim upon which relief may be granted. This Court rejected that argument, because Jaquez did not make that allegation and that the WCAG question was one of remedy not liability. In Defendant's Motion, however, it does not make such an argument about the WCAG. Instead, Defendant stated (and submits to this Court again in Exhibit A, Affidavit of Frank Germack) that the WCAG guidelines are *recommended* guidelines, but that even so, the website is in compliance with the guidelines, will continue to be in compliance, and thus the case is moot. Accordingly, there continues to exist no subject matter jurisdiction due to mootness.

It is accurate that Defendant argued in the final section of its Motion for 12(b)(6) dismissal. That argument, however, was limited to a plausibility challenge of Plaintiff's allegation that Defendant owns the website. In this regard, Plaintiff has not stated a claim for ADA or New York

City disability law violations because Plaintiff does not plausibly allege that Defendant owns or operates the website.

## II.    ARGUMENT

### A.  Plaintiff Has Not Established Subject Matter Jurisdiction.

Plaintiff continues throwing more jargon into the mix to mask his failure to plausibly allege specific barriers he encountered and how each impaired his ability to access the website, and more importantly has not alleged facts that establish a real and immediate threat of future injury.

Plaintiff continues to offer conclusory assertions that he intends to "return" to the website to complete his purchase of pistachio nuts.[1] But, Plaintiff fails to establish standing to bring an ADA claim where he does not offer sufficient "non-conclusory factual allegations" demonstrating a plausible intention to return to the website. He merely alleges that the website's purported barriers deter him from purchasing pistachio nuts and only offers the sort of general intent to return to the website that courts have repeatedly found insufficient. *Dominguez v. Banana Republic*, LLC, No. 1:19-CV-10171-GHW, 2020 WL 1950496 *4 (S.D.N.Y. Apr. 23, 2020) ("Plaintiff has simply not alleged enough facts to plausibly plead that he intends to 'return' to the place where he encountered the professed discrimination.");  *Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345 (MKV), 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020) (plaintiff "has failed to establish standing under the ADA because he does not offer any 'non-conclusory factual allegations' that demonstrate a plausible intention to return to a Grand Lux Café restaurant but for barriers to access."); *Hurley v. Tozzer, Ltd*., No. 15 Civ. 2785, 2018 WL 1872194, at *6 (S.D.N.Y. Feb. 2, 2018) (no standing where plaintiff provided only "general and conclusory statements" regarding his intent to return).

---

[1] Importantly, Plaintiff did not allege he intended to return until Defendant challenged standing in its first Motion to Dismiss. Defendant submits that "intention to return" is nothing more than a litigation tactic to avoid dismissal.

With respect to Defendant's Mootness argument, Plaintiff ignores recent case law from this District squarely on point. *E.g., Diaz v. Kroger*, Case No. 18-CV-7953, 2019 WL 2357531 *5 (S.D.N.Y. June 4, 2019); *Guglielmo v. Nebraska Furniture Mart, Inc*., Case No. 19-CV-11197, 2020 WL 7480619 *6 (S.D.N.Y. Dec. 18, 2020).

In *Carroll v. New People's Bank, Inc*., the plaintiff asserted an ADA violation, claiming he was unable to navigate defendant's website because of alleged accessibility barriers. 2018 WL 1659482, at *1. The defendant argued that it "voluntarily made a number of improvements" to the website and retained a third party to further improve accessibility. *Id*. at *4. In rejecting plaintiff's argument (identical to Plaintiff's argument in this case) that there was no guarantee that the defendant would not revert to its former inaccessible website in the future, the court dismissed the complaint on mootness grounds, noting that "[d]eveloping a website is not a minor undertaking," and "find[ing] it unlikely that [New People's Bank] would return to a website that is less functional and contains the alleged accessibility barriers." *Id*.

Defendant's President has acted diligently and in good faith to ensure that the website is accessible, and as evidenced in his affidavit attached to this Brief, he continues his diligence and good faith. There is no reason offered by Plaintiff for this Court to conclude the website will not continue to be adapted as and when necessary. Consequently, this case is moot. *See Diaz v. Kroger Co*., Case No. 18-CV-7953, 2019 WL 2357531 *5 (S.D.N.Y. June 4, 2019) (court dismissed as moot ADA Title III website case where Defendant removed alleged barriers, made website WCAG 2.0 compliant, and committed to monitoring technological developments in the future to ensure that visually-impaired individuals have equal access to the Website).

**B.  Plaintiff Has Not Established Any Basis For This Court's Personal Jurisdiction Over Defendant.**

Plaintiff alleges, without a sliver of factual support, that "Defendant operates and distributes its products throughout the United States, including New York." Second Amended Complaint ¶23. He asserts that Defendant "conducts and continues to conduct a substantial and significant amount of business in [the Southern District of New York]." *Id*. at ¶9. Plaintiff also claims that a "substantial portion of the conduct complained of" in his complaint occurred in this District because it is where he attempted to utilize the website. *Id*. "[C]onclusory non-fact-specific jurisdictional allegations" and legal conclusions couched as a factual allegations "will not establish a prima facie showing of jurisdiction." *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015).

Plaintiff does *not* allege that Defendant purposefully targeted New York users through the Website or availed itself, purposeful or not, of the benefits of New York law. Plaintiff does not claim Defendant is subject to the general jurisdiction of New York courts. Moreover, in his Opposition Brief, Plaintiff does not dispute the sworn Declaration of Defendant's Director of Sales and Marketing, Lori Davis, including her statements that Defendant has no employees or locations outside of Detroit, no business operation or customer accounts in New York State, does not solicit business from customers located in New York State, and that there are no stores in New York that carry Germack products. Dkt No. 28-1, ¶¶4-5, 11.

Now that Defendant has challenged Plaintiff's conclusory, unsupported personal jurisdiction allegations, Plaintiff has revealed that his entire basis for alleging personal jurisdiction is the assertion that www.germack.com is a "highly interactive" website and therefore "transacts any business within the state or contracts anywhere to supply goods or services in the state" under New York's long arm statute. Opposition Brief, p. 10 *citing* N.Y. C.P.L.R. §302(a)(1). Plaintiff

ignores entirely the second prong of the statute requiring that the cause of action "aris[es] from" that transaction of business. In this regard, two conditions under Section 302(a)(1) are required: "first, the non-domiciliary must transact business within the state; second, the claims against the non-domiciliary must arise out of that business activity." *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (internal citations and quotations omitted). Plaintiff addresses only the first prong, and in doing so lays bare his inability to plead facts supporting specific personal jurisdiction over Defendant.

The essential requirement for the first prong of Section 302(a)(1) is establishing that the defendant purposefully avails itself of the privilege of conducting activities within New York and thereby invoking the benefits and protections of its laws. *See Licci ex rel. Licci v. Lebanese Canadian Bank*, *SAL*, 673 F.3d 50, 61 (2nd Cir. 2012); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-47 (2nd Cir. 2007). Plaintiff has not alleged even a single act of business within New York transacted by Defendant via the website much less that his claims arise from such transaction of business in New York. By his own admission, Plaintiff did not transact business with Defendant through the website, instead choosing to do so when the website has the auxiliary aids he prefers. Sec. Am. Comp. ¶29.[2] Plaintiff, in this regard, cannot articulate the nexus, or substantial relationship, between the statutorily-required business transaction and the claim he has asserted. *See Guglielmo v. JEGS Auto., Inc*., No. 20-CV-5376 (LJL), 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021). His failure to do so requires dismissal under Rule 12(b)(2).

Plaintiff lacks any factual support to allege a purposeful transaction of business via the website in New York from which his claims arise. Therefore, he instead argues that personal

---

[2] In any event, it is doubtful Plaintiff could have manufactured a single commercial contact in this way to create personal jurisdiction. The "vast weight of authority is that a finding of personal jurisdiction may not rest solely on an act . . . instigated by a plaintiff." *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d 615, 623-24 (S.D.N.Y. 2013).

jurisdiction exists because the website "allows for" goods to be purchased and shipped nationwide, and "as a result, the Website falls into the fully interactive category, *offering* New Yorkers the ability to visit and purchase goods, including, but not limited, to pistachios." Opposition Brief, p. 21. Once again, however, Plaintiff completely ignores substantial case law that undermines his argument. Courts in multiple cases (none of which Plaintiff cites in his brief) have held that the interactivity of a website alone is insufficient to create personal jurisdiction. *See e.g. Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (JPO) (existence of an "interactive patently commercial website" accessible by New York residents not sufficient for exercise of personal jurisdiction "unless some degree of commercial activity occurred in New York"); *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) ("It is, of course, not sufficient that the defendant conducts business through an interactive [ ] website; the question is whether the defendant used the website to reach into the forum in some meaningful way."); *Savage Universal Corp. v. Grazier Constr., Inc*., 2004 WL 1824102, at *8-9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred.").

Personal jurisdiction is not established by the fact that a New York resident *can purchase* products from a company's website, without evidence that the consumer did make such purchases and that there was purposeful availment of New York, such as through actual sales to New York or even perhaps active solicitation of the New York market. *Guglielmo v. JEGS Auto., Inc*., 2021 WL 1026168, at *4 (S.D.N.Y. Mar. 17, 2021) *citing Spin Master*, 463 F. Supp. 3d at 364. The maintenance of a website accessible to New York residents is not sufficient on its own to establish

personal jurisdiction over a defendant. *See Citigroup Inc. v. City Holding Co*., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). Absent some action by the defendant to specifically target New York with its sales and website, or consummated transactions in the state of New York, a plaintiff cannot establish that defendants "transact business" in New York for the purposes of personal jurisdiction. *Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *7 (S.D.N.Y. Apr. 28, 2021). Moreover, the fact that a website is "directed at the entire United States" indicates it does not transact business in New York where the operator has manifested no intent specifically to target New York or to avail itself of the benefits of New York law. *Coll. Essay Optimizer, LLC v. Edswell, Inc*., 2015 WL 5729681, at *5 (S.D.N.Y. Sept. 30, 2015) (*quoting Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004)) (emphasis added).

Plaintiff also ignores the ample case law in this District dismissing ADA website claims where the plaintiff, like in this case, attempted to establish personal jurisdiction based on the interactivity of the website or its nationwide reach. *Sullivan v. Walker Constr., Inc*., No. 18-CV-09870 (AJN), 2019 WL 2008882, at *2 (S.D.N.Y. May 7, 2019); *Diaz v. Kroger Co*., No. 18 CIV. 7953 (KPF), 2019 WL 2357531, at *7 (S.D.N.Y. June 4, 2019); *Guglielmo v. Nebraska Furniture Mart, Inc*., No. 19-cv-11197 (KPF), 2020 WL 7480619, at *8 (S.D.N.Y. Dec. 18, 2020). In *Katz v. Wanderstay Hotels, LLC*, No. 19 CV 3615 (RRM)(LB), 2021 WL 1093169, at *4 (E.D.N.Y. Mar. 4, 2021), the court dismissed for lack of personal jurisdiction, holding that the analysis in these cases "does not turn on whether a New York resident *could* purchase goods or make a reservation on the Website; Section 302(a)(1) requires that non-domiciliary transact business within the state *and* that plaintiff's cause of action arise out of that business activity. Here, plaintiff does not show that defendant has transacted any business with New York; nor does he plead that his cause of action arises out of a business activity with defendant."

Plaintiff requests alternatively that leave be granted to conduct jurisdictional discovery, because it is "likely to produce evidence of Defendant's proactive attempts at conducting business with New York residents…" Opposition Brief, p. 22. Plaintiff has no basis whatsoever to guess what discovery is "likely to produce" and he has shown no legitimate reason to permit this vexatious litigation to continue. Jurisdictional discovery is only appropriate where the plaintiff "has made a threshold showing that there is ... a colorable claim of jurisdiction." *WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491, 495 (E.D.N.Y. 2019) (*quoting Leon v. Shmukler*, 992 F. Supp. 2d 179, 195 (E.D.N.Y. 2014)). This Plaintiff has not even made a threshold showing of personal jurisdiction. He has not alleged a single transaction between Defendant and any New Yorker. "Plaintiff's jurisdictional discovery would not supplement a colorable claim, but instead would seek to create a claim that jurisdiction is appropriate here. Because of that, jurisdictional discovery is not appropriate here." *Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *8 (S.D.N.Y. Apr. 28, 2021).

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this action with prejudice.

Dated: July 6, 2021

By:  ___*/s/ Elyse W. Germack*_____
Elyse W. Germack
(MI Bar No. P71778 – *Pro Hac Vice*)
2140 Wilkins Street
Detroit, MI 48207
Cell: (248) 227-2810
germack.elyse@gmail.com

*Attorney for the Defendant*
NUTCO, INC.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 6, 2021, the foregoing was caused to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

By:  */s/ Elyse W. Germack*
       Elyse W. Germack
       (MI Bar No. P71778, *PHV*)