# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN SANCHEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUTCO, INC.<br><br>Defendant. | Case No. 1:20-cv-10107-JPO |

## **AFFIDAVIT OF FRANK A. GERMACK, III**

I, Frank A. Germack, III first having been duly sworn, depose and state as follows:

1. I am over the age of 18 and of sound mind, and have personal knowledge of the matters set forth herein.

2. I am the president of the Defendant, NUTCO, INC. d/b/a Germack Pistachio Co. ("NUTCO"), and managing member of Germack Roasting Company, LLC ("Germack Roasting Company") (collectively, "Germack Companies").

3. The Plaintiff incorrectly asserts in his Memorandum of Law in Opposition to Defendant's Motion to Dismiss that Nutco "owns" the website located at www.germack.com. To clarify further, the fact that Nutco, Inc. was listed as the registrant on the domain name www.germack.com when the initial complaint was filed was an inadvertent error that has since been corrected in advance of the filing of the second amended complaint. The "ownership" of the domain name is completely separate and independent from the contract for hosting, and "ownership" of the website (i.e. the design and construction). If Nutco decided not to sell product to Germack Roasting Company, LLC for any reason, Nutco would have to start from scratch and design a new website regardless of who the domain name www.germack.com is registered to.

Further, the website could be pointed by the current host to a different domain name by Germack Roasting Company, LLC at any time. Nutco, Inc. does not have any control over the hosting, design, construction, or operation of the website, and has corrected the error in the domain name registration. Germack Roasting Company, LLC is in fact now the registrant on the domain name, further corroborating the intention that Nutco, Inc. does not have any control of or ownership over the website operations. I have also told our website developer many months ago to remove the copyright symbol on the website that lists "Germack Pistachio Company" as the copyright holder, as this is a presentational error that appears to have carried over from an old website design from over ten years ago. This website is completely new in the last two years, and has a new host and a completely new design and is not and has never been controlled, owned and/or operated by Nutco, Inc.

4. All accessibility concerns have been addressed by Germack Roasting Company, LLC staff and its third party developer, and internal staff continue to monitor the website weekly. There is nothing further the Germack Companies (including Nutco, Inc. and Germack Roasting Company, LLC) should do to modify the website for purposes of use with the screen reader and as such there is nothing to be gained by continuance of this litigation that relates to the goal of website accessibility with respect to a screenreader.

5. Nutco, Inc. through its representative was immediately communicative at the inception of this lawsuit and transparent with Plaintiff's counsel about the fact that Plaintiff had initially sued a dissolved entity, that Nutco, Inc. had third party reporting indicating that the website was (even at the very beginning of this lawsuit during December 2020) WCAG 2.0 AAA compliant, that it was willing to work with the Plaintiff to resolve any ordering issues he was having, and that Nutco, Inc. does not operate the website. Germack Roasting Company, LLC has

thoroughly tested its website, and thoroughly considered or debunked all of the navigational suggestions raised by the Plaintiff and through his investigators. The fact that the website does not navigate in the precise fashion preferred by the Plaintiff's consultant does not mean the website is inaccessible.

6. I have reviewed the affidavit signed by Mr. Moody attached as Exhibit A to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss which sets forth alleged barriers that are said to still exist on the website located at www.germack.com. I have personally tested the website again with the NVDA free screen reader, the world's most popular free screenreader. The conclusions drawn by Mr. Moody are either mistaken or are merely navigational suggestions or preferences and do not demonstrate the existence of accessibility barriers. It is clear from testing the website with the NVDA screenreader that <u>the affiant is intentionally and improperly disregarding most keyboard functionality and features like shortcut keys and arrow keys that visitors to the website use to navigate through the site, and he is disregarding external aids like a mouse, trackpad or rollerball, and instead is basing his conclusions exclusively on using the tab key to navigate the website</u>. While <u>it is possible to use solely the tab key as a means of navigating a website to make a purchase</u>, the tab key is only one of the strokes on a keyboard available to a vision impaired person visiting an entire website. Internally, Germack Roasting Company, LLC staff and its external developer did a thorough review and testing of all the website pages using the NVDA screen reader and all the <u>website content tested read aloud by the NVDA screenreader</u> by navigating using the <u>keyboard only</u> through the use of the tab keys, the arrow keys, shortcut keys, and the enter key. In addition, all the website content tested read aloud by the NVDA screenreader with a combination of the tab key, the arrow keys, shortcut keys, and the mouse. The navigational observations of Mr. Moody are not accessibility barriers, but

3

merely suggestions or preferences. While Mr. Moody may prefer to use only the tab key to navigate a website, it is not necessary under any WCAG guideline that I am aware of that the tab key be solely relied upon by a visually impaired or blind person when navigating a website, and to base accessibility conclusions on just the use of the tab key is intentionally misleading. The Plaintiff does not dispute the accuracy of the accessibility reports attached as Exhibits to the defendant's Motion to Dismiss. The Plaintiff continues to refer to the 2.1 WCAG standards in its filings (without regard to any of the three levels), which in and of itself is incorrect and intentionally misleading as it is more stringent than the more relevant (but still only recommended) WCAG 2.0 AA threshold.

   a. ZERO errors were reported through the universally regarded WAVE screenreader testing tool on all of the website's pages, the results of which were in part attached as an exhibit to the Defendant's Motion to Dismiss. This information corroborates the Defendant's position that Mr. Moody's laundry list of navigational suggestions are not by definition accessibility barriers.
      i. Mr. Moody states the Germack logo is linked to the HOME page but not labeled adequately to inform a visually-impaired user where the link will lead. However, when a sighted user hovers over the logo, there is no description where the link will lead. Therefore, the logo's return to home link work exactly the same for sighted and visually-impaired users. Moreover, a company logo is universally used to navigate to the HOME page. For an accessibility "expert" witness to mention this navigational experience as a barrier is disingenuous.
      ii. After we reviewed the affidavit of Mr. Moody we made the following edits to the website: we improved the navigation on the individual product pages so that

all the product information was accessed through the tab key (this was not a "barrier" as the product information was already keyboard accessible through the use of the arrow keys) and we ceased the sliding banners (the repetitive verbalization of the sliding banners was not a barrier, just the annoying reality of the verbal nature of a screenreader).

iii. For all other items on his list, the alleged barriers were already accessible through proper use of other keys aside from the tab key (most commonly the arrow keys and also a mouse).

iv. Even if everything Mr. Moody says he experienced is true, the website was then and is now accessible in its entirety by a person properly using accessibility keys and aids tools beyond just a tab key.

v. None of the items listed in Mr. Moody's affidavit would prohibit the Plaintiff from using the website to learn about and/or purchase pistachios (or any other product).

b. An accessibility statement has been added to the home page.

I declare under penalty of perjury that the foregoing is true and correct, and have executed this Affidavit in the State of Michigan this 6th day of July, 2021.

Further affiant sayeth not.

_____
Frank A. Germack III

5