UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN SANCHEZ, individually and on behalf of all others similarly situated,

                      Plaintiff,

          -v-

NUTCO, INC.,

                      Defendant.

20-CV-10107 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Christian Sanchez, who is visually impaired and legally blind, brings this suit, individually and on behalf of all others similarly situated, against NutCo, Inc. ("NutCo") for its alleged failure to maintain and operate its website to be fully accessible to individuals with visual impairments. Sanchez seeks relief under the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law. NutCo moves to dismiss the claim for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. For the reasons that follow, NutCo's motion is denied.

**I.    Background**

    The following facts are drawn from Sanchez's second amended complaint and assumed true for the purposes of this motion.

    Sanchez, a Manhattan resident, is a visually impaired and legally blind person who requires screen-reading software to read website content using his computer. (*See* Dkt. No. 25 ¶ 1.) NutCo is a snack food distributing company, based in Michigan, that owns www.germack.com (the "Website") and sells its products through the Website. (*See* Dkt. No. 25

¶¶ 13, 22, 24.)  NutCo distributes its products throughout the United States, including New York.  (*See* Dkt. No. 25 ¶ 23.)

In 2020 and 2021, Sanchez visited the Website to purchase pistachio nuts and other snack foods, take advantage of discounts and promotions offered on the Website, and understand the details for products offered on the Website in order to complete a purchase.  (*See* Dkt. No. 25 ¶¶ 4, 27.)  Sanchez was unable to do so because he encountered multiple accessibility barriers for blind or visually impaired people.  (*See* Dkt. No. 25 ¶¶ 4, 28.)  These barriers included (but were not limited to): product descriptions and prices not being compatible with his screen-reading software; the Website providing a catalog of its products only in a PDF format incompatible with Sanchez's screen-reading software; and the Website failing to indicate whether an item was added to a visually impaired user's online cart.  (*See* Dkt. No. 25 ¶¶ 4, 28.)  The Website was also not compliant with version 2.1 of the Web Content Accessibility Guidelines ("WCAG"), a well-established set of international guidelines for making websites accessible to blind and visually impaired people.  (*See* Dkt. No. 25 ¶ 20, 37.)  As of the date of filing of Sanchez's second amended complaint, the Website continues to be not fully accessible to individuals with visual impairments.  (*See* Dkt. No. 25 ¶ 5.)  The Website's accessibility barriers deter Sanchez from visiting the Website, but he intends to visit the Website again to purchase snack foods once its barriers are cured.  (*See* Dkt. No. 25 ¶¶ 29–30.)

Sanchez initiated this action on December 2, 2020 (Dkt. No. 1), and subsequently filed an amended complaint (Dkt. No. 5) and then a second amended complaint (Dkt. No. 25).  In response to the second amended complaint, NutCo filed a motion to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 27.)

## II.   12(b)(1) Motion

### A.   Legal Standard

Rule 12(b)(1) requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not presume the truthfulness of the complaint's jurisdictional allegations. *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 470 (S.D.N.Y. 2005).

### B.   Discussion

NutCo first moves to dismiss the complaint for lack of subject matter jurisdiction on the ground that Sanchez does not have Article III standing. Specifically, NutCo argues that Sanchez did not suffer a past injury tethered to any violation of the ADA, and that there is no real and immediate threat of Sanchez experiencing a future injury — both because the complaint insufficiently pleads that Sanchez intends to return to the Website and because the Website has been updated to make it WCAG-compliant.

The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Where, as here, a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury' often termed 'a likelihood of future harm.'" *Bernstein v. City*

*of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Shain v. Ellison*, 356 F.3d 211, 215–16 (2d Cir. 2004)). "In reviewing standing under the ADA, 'a broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" *Feltzin v. Clocktower Plaza Props., Ltd.*, No. 2:16 Civ. 4329, 2018 WL 1221153, at *3 (E.D.N.Y. Mar. 8, 2018) (quoting *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016)).

Contrary to NutCo's assertions, the Court concludes that Sanchez has satisfied the standing requirements. Sanchez claims he suffered an injury — being unable to purchase pistachio nuts and other snack foods, take advantage of discounts and promotions, and understand different product details — because of barriers on the Website. (*See* Dkt. No. 25 ¶ 4.) Sanchez describes in great detail the nature of the Website's barriers and how his injury is traceable to them. For instance, he could not ascertain the price or other details of products on the Website because the Website was not compatible with his screen-reading software, and the Website provided no indication when an item was successfully added to his online cart. (*See* Dkt. No. 25 ¶¶ 4, 28.) Other courts in this Circuit have concluded there was an injury in fact — and standing — where a plaintiff tried to learn more about a college on the college's website but "was unable to navigate the [w]ebsite because its navigation tabs were incompatible with his screen-reading software," *Camacho v. Vanderbilt Univ.*, No. 18 Civ. 10694, 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019), or where a plaintiff "was unable to determine information about defendant's products such as which sizes were available [or] was not able to purchase items" because a clothing retailer's site was incompatible with screen readers, *Quezada v. U.S. Wings, Inc.*, No. 20 Civ. 10707, 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021). In line with cases such as these, and the Second Circuit's description of the injury-in-fact standard as a "low

threshold," *see John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) ("We have repeatedly described [the injury-in-fact] requirement as a low threshold" (internal quotation marks omitted)), Sanchez has sufficiently pleaded a past injury traceable to NutCo's failure to make the Website accessible.

Sanchez also alleges facts that allow "a reasonable inference that he intended to return to the Website," *Camacho.*, 2019 WL 6528974, at *11, thus making injunctive relief appropriate. The Second Circuit's holding in *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013), is instructive.  In *Kreisler*, the plaintiff, who required a wheelchair for movement, alleged that he was deterred from entering a restaurant in his neighborhood by the presence of a seven-to eight-inch step in front of the building.  *See id.* at 187–88.  The plaintiff further alleged that he would have liked to enter the restaurant if he were able to access it.  *See id.*  From these facts, the Second Circuit found that plaintiff sufficiently alleged that he intended to return to the restaurant. *See id.*  Here, Sanchez alleges that he unsuccessfully tried to navigate the Website (*see* Dkt. No. 25 ¶ 4), that the site's barriers deter him from visiting the Website in the future (*see* Dkt. No. 25 ¶ 30), and that he intends to visit the site again in the future when the barriers are cured (*see* Dkt. No. 25 ¶ 29).  Sanchez even makes note of his particular interest in pistachio nuts. (*See* Dkt. No. 25 ¶ 29.)  "As websites are already easily accessible at any moment, [Sanchez's] claim that he will return to the website to make a purchase once the issues are remedied is sufficient to satisfy this prong of standing." *Quezada*, 2021 WL 5827437, at *4.

NutCo maintains that the Court must still dismiss the case, however, because it is moot. Federal courts have jurisdiction over actual cases and controversies, meaning "an actual controversy must be extant at all stages of review." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).  There is "a two-part test to determine when voluntary cessation may render

5

a case moot: if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Rosa*, 175 F. Supp. 3d at 201 (S.D.N.Y. 2016) (internal quotation marks omitted). "This district has allowed the filing of affidavits and similar documentation to show if a defendant has fixed accessibility issues on their website." *Quezada*, 2021 WL 5827437, at *3 (citing *Angeles v. Grace Prods., Inc.*, No. 20 Civ. 10167, 2021 WL 4340427, *3 (S.D.N.Y. Sept. 23, 2021). Yet a defendant must still meet the "'formidable burden of demonstrating that it is 'absolutely clear the alleged wrongful behavior could not reasonably be expected to recur.'" *Wu v. Jensen-Lewis Co., Inc.*, 345 F. Supp. 3d 438, 441 (S.D.N.Y. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

But NutCo falls short of meeting this formidable burden. Along with NutCo's motion to dismiss, it submitted an affidavit from Frank Germack, President of NutCo and managing member of its corporate affiliate Germack Roasting Company, LLC. (*See* Dkt. No. 28-2.) Germack attests that the Website is now, and will remain, accessible to blind and visually impaired users. (*See* Dkt. No. 28-2 ¶¶ 16, 18.) The Website, according to Germack, is also fully compliant with the level A and level AA guidelines of version 2.0 of the WCAG and fully accessible to those using a screen reader. (*See* Dkt. No. 28-2 ¶¶ 16, 18.) Sanchez, in turn, has submitted a declaration by Robert D. Moody, the President, CEO, and principal investigator of information systems at Forensic Data Services. (*See* Dkt. No. 31-1.) Moody, who investigated the site after NutCo's motion, describes a number of issues that the Website still has that make it inaccessible to individuals with visual impairments. (*See* Dkt. No. 31-1 ¶¶ 7–8.) Faced with competing evidence of a website's accessibility, courts in this district have denied motions to

6

dismiss on mootness grounds. *See, e.g.*, *Quezada*, 2021 WL 5827437, at *3 (evaluating the defendant's submission, which claimed a website was accessible, against a declaration by Robert D. Moody that identified continuing barriers on the website); *Angeles*, 2021 WL 4340427, at *2 (same). The Court does the same here.

### III. Rule 12(b)(2) Motion

#### A. Legal Standard

"A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant." *BHC Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 2 Civ. 4695, 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). To meet this burden where there has been no discovery or evidentiary hearing, the plaintiff must plead facts sufficient for a *prima facie* showing of jurisdiction. *Id.* As the Court evaluates a Rule 12(b)(2) motion, it must construe all of the plaintiff's allegations as true and resolve all doubts in its favor. *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968, 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *see also Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

Personal jurisdiction is determined in accordance with the law of the forum in which the federal court sits. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). This determination involves a

two-step analysis. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). In New York, the court must first determine whether personal jurisdiction is appropriate pursuant to the state's general jurisdiction statute, Civil Practice Law and Rules ("C.P.L.R.") § 301, or its long-arm jurisdiction statute, C.P.L.R. § 302(a). If the Court's exercise of personal jurisdiction is deemed appropriate according to New York law, the second step is an evaluation of whether the court's exercise of personal jurisdiction comports with the Fifth Amendment's Due Process Clause. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010).

> B. Discussion
>> 1. Specific Jurisdiction

NutCo contends that the Court does not have personal jurisdiction over it.

The New York long-arm statute allows a court to exercise personal jurisdiction over "any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" N.Y. C.P.L.R. § 302(a)(1). Therefore, this Court must examine "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 850 N.E.2d 1140, 1142 (N.Y. 2006)).

Whether a website can be defined as a defendant's transaction of business in New York depends on the website's "degree of interactivity." *See Touro College v. Fondazione Touro Univ. Rome Onlus*, No. 16 Civ. 3136, 2017 WL 4082481, at *8 (S.D.N.Y. Aug. 31, 2017); *see also Best Van Lines*, 490 F.3d at 252 (suggesting that this interactivity framework is helpful for determining whether a defendant transacted business in New York). If a website is purely passive, such as those for posting information, then a defendant's operation of the site does not

amount to the required level of a transaction for purposes of personal jurisdiction. *See Camacho v. Emerson Coll.*, No. 18 Civ. 10600, 2019 WL 5190694, at *3 (S.D.N.Y. Oct. 15, 2019) (citing *Best Van Lines*, 490 F.3d at 252). "On the other hand, a defendant's operation of interactive websites accessible in New York, such as those involving the purchase and exchange of goods, does amount to specific personal jurisdiction." *Quezada*, 2021 WL 5827437, at *6 (citing *Camacho*, 2019 WL 5190694, at *3).

The Germack affidavit, submitted by NutCo, and the Website itself, provide sufficient evidence that the Website is interactive and allows for the purchase and exchange of goods in New York. Germack attests to the fact that the Website "sells Germack branded products that originate from both" NutCo and its corporate affiliate (Dkt. No. 28-2 ¶ 2(b)), and that the Website "offers an online retail shop at retail prices" (Dkt. No. 28-2 ¶ 8). Sanchez alleges that the Website offers its goods to consumers in New York (Dkt. No. 25 ¶ 24), which neither NutCo nor Germack contests. Indeed, the Website advertises that it offers shipping through the United States Postal Service and ships goods as far as Alaska, Hawaii, and Puerto Rico. *See* GERMACK, *https://www.germack.com/shop,cart* (last visited Mar. 3, 2022); *see also Hotel Emps. & Rest Emps. Union, Local 100 v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002) (noting that it "may be appropriate to take notice" of a website's content when "the authenticity of the site has not been questioned" and citing to cases where courts have done so). Sanchez has thus established *prima facie* evidence that NutCo conducts business in New York. Further, because Sanchez alleges that he attempted to access the Website to make a purchase, NutCo is within the reach of New York's long-arm statute since the case arises from a business transaction.

NutCo still contests that the Court has personal jurisdiction over it because Nutco's corporate affiliate — not NutCo — is the owner and operator of the Website.  NutCo notes that it does not conduct any business in New York that would make it subject it to specific jurisdiction.  This argument is unconvincing.  The New York long-arm statute provides for specific jurisdiction over a non-domiciliary "in person or through an agent." N.Y. C.P.L.R. § 302(a)(1).  "The term 'agent' is 'broadly interpreted' for purposes of § 302(a); rather than requiring 'a formal agency relationship . . . the court looks to the realities of the commercial situation.'" *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318, 2017 WL 825482, at *7 (S.D.N.Y. Mar. 2, 2017) (quoting *Rainbow Apparel Distrib. Ctr. Corp. v. Gaze U.S.A., Inc.*, 295 F.R.D. 18, 25 (E.D.N.Y. 2013)).  NutCo concedes that it owned the domain registration for the Website at the time the complaint was filed (Dkt. No. 28-2 ¶ 6); that it operated the Website until it created a corporate affiliate to run its retail operations, including operation of the Website (Dkt. No. 28-2 ¶ 6); that it shares corporate executives with the corporate affiliate (Dkt. No. 28-2 ¶¶ 1–2); and that the Website sells products that originate from NutCo (Dkt. No. 28-2 ¶ 2(b)).  Given that NutCo's corporate affiliate acts for the benefit of NutCo, with NutCo's knowledge and consent, and NutCo has a meaningful degree of control over its corporate affiliate, *see Rainbow Apparel*, 295 F.R.D. at 25, the Court concludes that NutCo has availed itself of this Court's jurisdiction under New York law.

### 2.     Due Process

Due process requires that a defendant have "sufficient minimum contacts with the forum" to justify a court's exercise of personal jurisdiction, such that the "assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016) (internal quotation marks and citations omitted).

10

"The requisite minimum contacts analysis overlaps significantly with New York's § 302(a)(1) inquiry into whether a defendant transacted business in the State." *Quezada*, 2021 WL 5827437, at *7 (internal quotation marks omitted). NutCo has sufficient minimum contacts under New York's long-arm statute since its contacts with New York through the Website are purposeful and related to the cause of action here. The Court finds that these contacts also meet the requirements of due process. *See id.*

The Court also concludes that the exercise of personal jurisdiction over NutCo is reasonable. While litigating in New York may impose a burden on NutCo, this burden is outweighed by other factors. "Because [Nutco's] products are available to be sold, and are likely sold in New York, the forum has an interest in the resolution of the dispute." *Quezada*, 2021 WL 5827437, at *7. NutCo's motion to dismiss for lack of personal jurisdiction is therefore denied.

### IV.  Rule 12(b)(6) Motion

Lastly, NutCo moves to dismiss the complaint for failure to state a claim upon which relief can be granted on the ground that it does not own, operate, or control the Website.

#### A.  Legal Standard

To overcome a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F.

Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

### B. Discussion

NutCo's Rule 12(b)(6) motion is premised on a factual dispute over whether it owns or operates the website. NutCo, importantly, does not challenge the merits of this action on any other ground within its Rule 12(b)(6) motion. For this argument, NutCo relies on Germack's affidavit, in which Germack attests that NutCo does not own or operate the Website. (*See* Dkt. No. 28-2 ¶ 6.) According to Germack, it is Germack Roasting Company, LLC, NutCo's corporate affiliate, that owns and operates the Website. (*See id.*) It would be inappropriate for the Court to consider Germack's attestation on a Rule 12(b)(6) motion. On such a motion, "our review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Horizon Comics Prods., Inc. v. Marvel Ent., LLC*, 246 F. Supp. 3d 937, 940 (S.D.N.Y. 2017) (internal citation omitted). The complaint alleges that NutCo operates and owns the Website; the Court must accept this as true at this stage. The Court thus denies NutCo's Rule 12(b)(6) motion.

### V. Conclusion

For the foregoing reasons, NutCo's motion dismiss is DENIED.

NutCo shall file an answer to the complaint within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: March 22, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge