IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN SANCHEZ, on behalf of himself

and all others similarly situated,                    :

Plaintiffs,                                           :       Case No.1:20-cv-10107 –JPO

                                                       :

v.                                                    :

NUTCO, INC.                                           :       AMENDED ANSWER

Defendant.                                            :

## ADMISSIONS AND DENIALS

1. Defendant does not know whether the information about the Plaintiff in this paragraph 1 of the second amended complaint is true or false.

2. Defendant does not know whether the information about the population of blind persons in the United States and New York in paragraph 2 is true or false.

3. Defendant denies all the allegations in this paragraph 3. The website located at www.germack.com ("Website") is accessible to blind and visually impaired persons. Customers, including blind persons, have multiple ordering methods including but not limited to the website, and therefore are not being denied the Defendant's goods and services. Plaintiff does not allege that he ever contacted the Defendant in any manner prior to or after filing of this lawsuit. Defendant denies that Defendant is in violation of the ADA.

4. Defendant does not know if anything in paragraph 4 of the second amended complaint is true.

5. Defendant does not know whether Plaintiff attempted to transact business on the Website "on or around November 12, 2020". Defendant denies that the Plaintiff intends to purchase pistachios and other snack foods from Defendant as Plaintiff has multiple ordering options and has never used them, and also has never contacted the Defendant via any method of communication to try to place an order. Defendant in his initial and first amended complaint was working with "investigators" never alleged that he would returned to the website to buy products. Plaintiff has never been denied the opportunity to place an order by the Defendant. Defendant denies that the Website violates the ADA.

6. Defendant denies that it needs to change its corporate practices, policies, and procedures related to the accessibility of the website. Defendant denies that the Website is not accessible to blind and visually impaired persons.

7-11 Defendant denies that this court has jurisdiction over the Defendant.

12. Defendant does not know if the Plaintiff is a resident of New York City or New York State. Defendant does not know if Plaintiff is blind, visually impaired or handicapped, or a member of a protected class under the ADA.

13. Defendant denies that it is doing business in New York.

14. Defendant denies that at the time of the initial complaint it was the owner and operator of the website located at www.germack.com ("Website"). Defendant admits that at the time of the initial complaint, Defendant was registered only as the owner of the domain name, but this was unintentional error which was corrected. Defendant

admits that it provides some content to the Website about off-line wholesale ordering or certain Germack branded products, but denies that it has any involvement in maintaining or operating the Website, and denies that it contributes any content to the website that has anything to do with the retail business transacted on the Website. Defendant denies that is derives any direct revenue from products sold on the Website.  Defendant sells products to another entity that owns and operates the Website and retail stores, Germack Roasting Company, LLC, and this other entity controls what it does with the products, just like any of the Defendant's other customers.

15. Defendant denies that the Website is a public accommodation as defined within the ADA (or a New York statute).

17. Defendant denies that screen-reading software is the only method a blind or visually-impaired person may independently access the internet.  Most blind people and sighted people now commonly use and prefer voice recognition products.  Defendant denies that websites need to be designed to be read by the present marketplace offerings of screen-reading software  in order for blind and visually impaired persons to fully access website content and goods. The present marketplace of screen-reading software is unreliable and inconsistent, the training and skill sets required to use screen-reading software is not the same, standardized or universal, and the assortment of web browsers is unreliable and inconsistent.  User error is to be expected, and companies can not be held liable for user errors, and non-standardized vision aid problems.  The technology has not progressed to the point where a business can reliably design a website to work with any screen-reader and any web browser.

Defendant denies that blind persons expect to be able to shop independently. Most blind persons pick up the telephone and call to place orders, or shop with other people. The ADA requires blind customers be willing to seek assistance, and shop with a store attendant, friends, or family. The shopping experience for a blind person will never be the same as that of sighted persons.

18. Defendant admits that more than "several screen-reading software programs" that are not standardized offer screen-readers, which is the main part of the problem. A business can tweak their website coding to try to get their website content read by one screen-reader, and cause another screen-reader to not operate. It's technology, it's not a human. The fact that the Plaintiff admits in paragraph 18 that he is filing accessibility lawsuits based upon glitches found using a JAWS screen-reader that is not itself accessible is stunning. JAWS is more than $700/year.

19. Defendant does not know whether it is technically correct to characterize the screen-reading process as being "rendered into text". Defendant admits that in order for a screen-reader to be helpful, certain important website content needs to somehow "read-aloud" for the user. However, it is not as simple as turning on a screen-reader, and voila, it magically reads aloud. Defendant admits that someone who lacks training on each available screen-reader may not be able to make a screen-reader "function" properly, as training is required and the functionality of screen-readers is not standardized.

20. Defendant admits that WCAG 2.1 exists, but denies that WCAG 2.1 is required or even applicable.

21. Defendant denies that websites that are not compliant with WCAG 2.1 pose an access barrier for visually-impaired persons. Defendant denies that a.-q., in paragraph 21 are barriers under the ADA (or related New York statutes).

22. Defendant admits it roasts, blends, and distributes, in Michigan, as a wholesaler only, nuts, seeds, and snack mixes. Defendant denies that it owns or operates the Website, and denies that it directly receives any portion of Website sales. Defendant admits that it sells product to the owner and operator of the Website as a wholesaler, and it does not control how the owner and operator of the Website disposes of the products, just like any other customer.

23. Defendant denies that Defendant operates outside of Detroit, Michigan, and denies that it delivers any goods outside of the State of Michigan, and denies that it delivers any goods to New York State.

24. Defendant denies that is offers the Website to the public so the public can transact business on the Website. Defendant admits that under the WHOLESALE tab on the Website, this information is related to the Defendant's products, but the Website offers products in addition to the Defendant's products, and the Defendant's customers are wholesale only and cannot transact on the Website.

25. Defendant denies that it controls the Website content, and denies that it has failed either directly or indirectly, to remove ADA barriers. In fact, the Plaintiff never requested any edits to the Website at all before filing its lawsuit. Since filing its lawsuit, the Website's third party developer had addressed all accessibility comments in the Plaintiff's filings, true and untrue. Defendant denies that persons are being denied access to the Defendant's good or the Website. Defendant admits that the

owner and operator of the Website is Germack Roasting Company, LLC ("Roasting Company") and that Roasting Company is open six days a week and offers phone, email, and Website ordering options. Defendant admits that it (and Roasting Company personnel Edyta Malysa, who is responsible for retail phone orders, Website fulfillment, and handling customer complaints) has <u>never</u> received a customer complaint about using a vision aid of any type on the Website. Defendant admits that the Website developer has made some changes to the coding on the Website since the initial complaint was filed in order to improve the WCAG score and functionality of the Website, and is manually checking the Website through a couple different screen-readers and browsers in order to ensure that the Website products can be ordered off the Website using those particular screen-readers and browsers. Defendant admits the Website now has a user accessibility icon, which has a built-in screen-reader, and Roasting Company now regularly monitors to check for "glitches" which would prevent someone from ordering while using this screen-reader. Defendant admits that the Website is also subject to a paid annual contract with USERWAY that allows for some automatic accessibility remediation as needed, and provides feedback to Roasting Company on any recommended manual coding edits to ensure a WCAG 2.1 score of at least 90%. Defendant admits the Website development is outsourced by Roasting Company to a third party professional OMA COMP whose employees did not in advance of this lawsuit alert the Defendant or Roasting Company personnel that there were any website accessibility requirements (presumably because there are not any ADA accessibility standards or requirements that exist covering websites).

26. Defendant does not know if any of the comments in this paragraph 26 are true or false.

27. Defendant does not know if Plaintiff visited the Website and does not know what he experienced.

28. Defendant does not know if Plaintiff experienced a-i in paragraph 28 of the amended complaint. Defendant admits that Roasting Company personnel in coordination with the Website external developers, tested the functionality of a-i, and the Website does not currently have any functionality problems similar to those set-forth in a-g and i using NVAD and (the Website accessibility icon) USERWAY screen-readers. Further, Defendant denies that h. is true. "h." is not the type of thing that would be made accessible by using simply a screen-reader – there are other vision aids that help to read aloud pdf files.

29. Defendant denies that Plaintiff has any interest in purchasing Germack brand products based on his behavior, ordering history, and ordering options.

30. -38. Defendant denies all allegations in paragraphs 30-38.

39. Defendant denies that it has any control over the Website, and admits that the Website is now being monitored and maintained to ensure that using a couple different screen-readers and browsers, the Website can be used by blind persons to read about and purchase products.

40. Defendant denies that it spends, or is responsible for spending, any money at all maintaining, developing or otherwise on the Website, and is not responsible for or involved in Website operations.

41. Defendant denies that injunctive relief is an appropriate remedy.  The Website is functional for product information and ordering, using at least two different types of screen-readers (NVDA free screen-reader and USERWAY Website screen-reader).  Given that literally no customer ever has complained about the functionality of the Website using a screen-reader or other vision aid, the Plaintiff is attempting to solve a problem that does not exist.

42-72.  Defendant denies all allegations in paragraphs 42-72 of the amended complaint.

Defendant incorporates by reference in this answer all the exhibits, the affidavits and accessibility reporting attachments to the Defendant's Motions to Dismiss, and invites this Court to visit the Website to use the USERWAY screen-reader that exists on the Website through a Chrome browser (with ALL features enabled) via the accessibility icon to understand that the Website product and shopping cart content reads aloud by using keyboard keystrokes (tabs and arrow keys) allowing a user to read about and purchase products.

## DEFENSES

Due Process / Lack of Personal Jurisdiction.

Venue is improper.  Plaintiff uses two different name spellings in court filings, and Defendant has information and belief that the Plaintiff lives outside of New York City and New York State.  Defendant is not doing business in New York.

Defendant is not doing business in New York, has no New York locations, does not solicit business in New York, is not an agent of the website owner and operator, and does not transact business over the Website.  The website owner and operator is not doing business in New York, has no New York locations, does not solicit business in New York.

Lack of Subject Matter Jurisdiction.

Plaintiff has not suffered an injury under the ADA or similar New York statute.  Plaintiff does not use an accessible screen-reader.  This lawsuit is no different than Plaintiff walking into the owner and operator of the website's brick and mortar location, not being able to find the pistachios, not asking for help, then filing an ADA  lawsuit.  Plaintiff is not a customer of the Defendant or the Website owner/operator.  Defendant and the Website owner and operator are not required under any law to implement WCAG 2.1 standards, and a portion of the WCAG 2.1 standards are inapplicable to websites in general.  Plaintiff is citing the incorrect WCAG applicable standard by invoking WCAG 2.1.   The case does not arise out of a commercial transaction between the Plaintiff and the Defendant.  The Department of Justice has provided guidance that WCAG guidelines are VOLUNTARY and that a violation of VOLUNTARY WCAG guidelines, in NOT indicative of an ADA violation.

Website is functional using the screen-readers and browsers tested by the owner and operator of the Website.  Any customer may access product information and ordering is possible in person, by phone, Website, or email.   There is no possibility of future injury to the Plaintiff.  The case is moot because the remediation efforts by the Defendant result in no case or controversy. The website is operable using a screen-reader, is being monitored through automated and manual accessibility tools and testers, and substantially complies with WCAG guidelines.

The Website is not a place of public accommodation.  Even if the Website is found to be a place of public accommodation, (1) it is not Defendant's place of public accommodation, and (2) Plaintiff made no request for an accommodation from Defendant, or Website's owner and operator, before filing the lawsuit. The Department of Justice has provided guidance that

9

telephone ordering is an acceptable alternative to website ordering, and therefore the Defendatn and the owner and operator of the website have always provided a reasonable accommodation under the ADA.

## COUNTERCLAIMS

Defendant has suffered costs associated with responding to this frivolous lawsuit, and Plaintiff in his initial, first and second amended complaints has knowingly made false claims in order to survive a motion to dismiss, and Defendant is seeking compensation for attorneys fees and other related expenses pursuant to Rule 11 or any other applicable statute.

WHEREFORE the Defendant requests that the Plaintiff's complaint be dismissed and a judgment be entered in favor of the Defendant.

Signed this 10th day of April, 2022.

Defendant:  NUTCO, INC.

Address:  2140 Wilkins St. Detroit, MI  48207

Telephone 248.227.2810

Email: Germack.elyse@gmail.com

By: /s/ Elyse W. Germack

Elyse W. Germack (MI # P71778 Pro Hac Vice in this matter)

*Attorney for Defendant*

Defendant certifies that Plaintiff's attorney Joseph H. Mizrahi has been served via this Court's electronic filing system.